STEPHEN D. HANS & ASSOCIATES, P.C.
Nils C. Shillito (NS-6755)
45-18 Court Square, Suite 403
Long Island City, New York 11101
Tel: 718.275.6700
Fax: 718.275.6704
Email: nshillito@hansassociates.com
*Attorneys for the Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
WILFREDO MATOS and
SAUL LOPEZ GONZALEZ,

                                        No. 08 CV 979 (AKH)(THK)

                    Plaintiffs,

            -against-
                                        **ANSWER**

738 RESTAURANT CORP., G. DULI CORP.,
GUS DOULIS and JOHN KAPETANOS,        *Electronically Filed via ECF*

                    Defendants.
----------------------------------------------------------------X

    The Defendants, **738 RESTAURANT CORP., G. DULI CORP., GUS DOULIS** and

**JOHN KAPETANOS** (hereinafter referred to, collectively, as the "Defendants")**,** by and through

their attorneys, **STEPHEN D. HANS AND ASSOCIATES, P.C.,** as and for their Answer to the

Plaintiffs' Complaint dated January 25, 2008 and filed on January 30, 2008 (hereinafter the

"Complaint"), allege as follows:

### AS AND FOR AN ANSWER TO THE PLAINTIFFS' STATEMENTS REGARDING THE NATURE OF THE ACTION

1.      With respect to the allegations contained in Paragraph 1 of the Complaint, the Defendants

deny all of the allegations contained in such Paragraph; except that the Defendants admit that the

Plaintiffs have filed this action, in which they purportedly seek to recover alleged unpaid wages, damages and interest.

2.      With respect to the allegations contained in Paragraph 2 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph; except that the Defendants admit that the Plaintiffs were employed at the restaurant for certain periods of time.

3.      With respect to the allegations contained in Paragraph 3 of the Complaint, the Defendants state that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.

## AS AND FOR AN ANSWER TO PLAINTIFFS' STATEMENTS REGARDING JURISDICTION AND VENUE

4.      With respect to the allegations contained in Paragraph 4 of the Complaint, the Defendants state that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.

5.      With respect to the allegations contained in Paragraph 5 of the Complaint, the Defendants state that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.

6.      With respect to the allegations contained in Paragraph 6 of the Complaint, the Defendants deny knowledge or information sufficient to form a belief as to the truth of any of the allegations contained in such Paragraph; except that the Defendants acknowledge that a statement of consent purportedly signed by Plaintiff Saul Lopez Gonzalez is attached to the Complaint.

7.      With respect to the allegations contained in Paragraph 7 of the Complaint, the Defendants deny knowledge or information sufficient to form a belief as to the truth of any of the allegations

contained in such Paragraph; except that the Defendants acknowledge that a statement of consent purportedly signed by Plaintiff Wilfredo Matos is attached to the Complaint.

### AS AND FOR AN ANSWER TO PLAINTIFFS' STATEMENT OF THE FACTS

### AS AND FOR AN ANSWER TO PLAINTIFFS' STATEMENTS REGARDING THE PARTIES

8.     With respect to the allegations contained in Paragraph 8 of the Complaint, the Defendants deny knowledge or information sufficient to form a belief as to the truth of any of the allegations contained in such Paragraph.

9.     With respect to the allegations contained in Paragraph 9 of the Complaint, the Defendants deny knowledge or information sufficient to form a belief as to the truth of any of the allegations contained in such Paragraph.

10.     With respect to the allegations contained in Paragraph 10 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph; except that the Defendants admit that the Plaintiffs were employed at the restaurant, which was located at 738 Eighth Avenue, New York, New York 10036, for certain periods of time.

11.     With respect to the allegations contained in Paragraph 11 of the Complaint, the Defendants admit the truth of such allegations.

12.     With respect to the allegations contained in Paragraph 12 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

13.     With respect to the allegations contained in Paragraph 13 of the Complaint, the Defendants, upon information and belief, admit the truth of such allegations.

14.     With respect to the allegations contained in Paragraph 14 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

15.     With respect to the allegations contained in Paragraph 15 of the Complaint, the Defendants admit the truth of such allegations.

16.     With respect to the allegations contained in Paragraph 16 of the Complaint, the Defendants deny knowledge or information sufficient to form a belief as to the truth of any of the allegations contained in such Paragraph, as the terms/phrases "at all relevant times" and "operated" are vague, ambiguous and undefined.

17.     With respect to the allegations contained in Paragraph 17 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph, but note that the term/phrase "relevant time period" is vague, ambiguous and undefined.

18.     With respect to the allegations contained in Paragraph 18 of the Complaint, the Defendants admit the truth of such allegations, but note that the term/phrase "relevant time period" is vague, ambiguous and undefined.

19.     With respect to the allegations contained in Paragraph 19 of the Complaint, the Defendants admit the truth of such allegations, but note that the term/phrase "relevant time period" is vague, ambiguous and undefined.

20.     With respect to the allegations contained in Paragraph 20 of the Complaint, the Defendants deny knowledge or information sufficient to form a belief as to the truth of any of the allegations contained in such Paragraph, as the terms/phrases "employment records" and "relevant time period" are vague, ambiguous and undefined.

21.     With respect to the allegations contained in Paragraph 21 of the Complaint, the Defendants admit the truth of such allegations.

22.    With respect to the allegations contained in Paragraph 22 of the Complaint, the Defendants admit the truth of such allegations.

23.    With respect to the allegations contained in Paragraph 23 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

24.    With respect to the allegations contained in Paragraph 24 of the Complaint, the Defendants deny knowledge or information sufficient to form a belief as to the truth of any of the allegations contained in such Paragraph, as the term/phrase "financial investments" is vague, ambiguous and undefined.

25.    With respect to the allegations contained in Paragraph 25 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

26.    With respect to the allegations contained in Paragraph 26 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

27.    With respect to the allegations contained in Paragraph 27 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

28.    With respect to the allegations contained in Paragraph 28 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

29.    With respect to the allegations contained in Paragraph 29 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

30.    With respect to the allegations contained in Paragraph 30 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

31.    With respect to the allegations contained in Paragraph 31 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

32.     With respect to the allegations contained in Paragraph 32 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

33.     With respect to the allegations contained in Paragraph 33 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

34.     With respect to the allegations contained in Paragraph 34 of the Complaint, the Defendants, upon information and belief, admit the truth of such allegations.

35.     With respect to the allegations contained in Paragraph 35 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

36.     With respect to the allegations contained in Paragraph 36 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

37.     With respect to the allegations contained in Paragraph 37 of the Complaint, the Defendants admit the truth of such allegations.

## AS AND FOR AN ANSWER TO PLAINTIFFS' STATEMENTS REGARDING PLAINTIFFS' WORK FOR DEFENDANTS

38.     With respect to the allegations contained in Paragraph 38 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

39.     With respect to the allegations contained in Paragraph 39 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph; except that the Defendants admit that the Plaintiffs were required to prepare food for customers and keep the kitchen area organized and clean.

40.     With respect to the allegations contained in Paragraph 40 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph; except that the Defendants admit that the Plaintiff Saul Lopez Gonzalez was employed at the restaurant for a certain period of time.

41.     With respect to the allegations contained in Paragraph 41 of the Complaint, the Defendants admit the truth of such allegations, but note that the terms/phrases "bulk of his employment" and "night shift" are vague, ambiguous and undefined.

42.     With respect to the allegations contained in Paragraph 42 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

43.     With respect to the allegations contained in Paragraph 43 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

44.     With respect to the allegations contained in Paragraph 44 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph; except that the Defendants admit that the Plaintiff Saul Lopez Gonzalez was hired at an hourly rate of $10.00 per hour.

45.     With respect to the allegations contained in Paragraph 45 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

46.     With respect to the allegations contained in Paragraph 46 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

47.     With respect to the allegations contained in Paragraph 47 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

48.     With respect to the allegations contained in Paragraph 48 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

49.     With respect to the allegations contained in Paragraph 49 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

50.     With respect to the allegations contained in Paragraph 50 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph; except that the Defendants admit that the Plaintiff Wilfredo Matos was employed at the restaurant for a certain period of time.

51.     With respect to the allegations contained in Paragraph 51 of the Complaint, deny all of the allegations contained in such Paragraph, and note that the terms/phrases "bulk of his employment" and "daytime shift" are vague, ambiguous and undefined.

52.     With respect to the allegations contained in Paragraph 52 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

53.     With respect to the allegations contained in Paragraph 53 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph; except that the Defendants admit that the Plaintiff Wilfredo Matos was hired at an agreed-upon weekly wage.

54.     With respect to the allegations contained in Paragraph 54 of the Complaint, the Defendants admit the truth of such allegations; except that the Defendants state that they are unsure of the exact date upon which the Plaintiff Wilfredo Matos ceased earning $350.00 per week.

55.     With respect to the allegations contained in Paragraph 55 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph; except that the Defendants admit that for a certain period of his employment, the Plaintiff Wilfredo Matos was paid $550.00 per week.

56.     With respect to the allegations contained in Paragraph 56 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph; except that the Defendants admit that there were numerous lengthy and extended breaks in the Plaintiff Wilfredo Matos' employment, which breaks are not limited to those specifically mentioned in the Complaint.

57.     With respect to the allegations contained in Paragraph 57 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

58.     With respect to the allegations contained in Paragraph 58 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

59.     With respect to the allegations contained in Paragraph 59 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

60.     With respect to the allegations contained in Paragraph 60 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

61.     With respect to the allegations contained in Paragraph 61 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

62.     With respect to the allegations contained in Paragraph 62 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

63.     With respect to the allegations contained in Paragraph 63 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

64.     With respect to the allegations contained in Paragraph 64 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

65.     With respect to the allegations contained in Paragraph 65 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

66.     With respect to the allegations contained in Paragraph 66 of the Complaint, the Defendants deny knowledge or information sufficient to form a belief as to the truth of any of the allegations contained in such Paragraph.

67.     With respect to the allegations contained in Paragraph 67 of the Complaint, the Defendants deny knowledge or information sufficient to form a belief as to the truth of any of the allegations contained in such Paragraph.

68.     With respect to the allegations contained in Paragraph 68 of the Complaint, the Defendants deny knowledge or information sufficient to form a belief as to the truth of any of the allegations contained in such Paragraph.

## AS AND FOR AN ANSWER TO PLAINTIFFS' STATEMENTS REGARDING ENTERPRISE COVERAGE

69.     With respect to the allegations contained in Paragraph 69 of the Complaint, the Defendants admit the truth of such allegations.

70.     With respect to the allegations contained in Paragraph 70 of the Complaint, the Defendants admit the truth of such allegations; except that the Defendants state that they are unsure of the exact date upon which the Defendant 738 Restaurant Corp. began doing business as the Euro Diner.

71.     With respect to the allegations contained in Paragraph 71 of the Complaint, the Defendants admit the truth of such allegations.

72.     With respect to the allegations contained in Paragraph 72 of the Complaint, the Defendants admit the truth of such allegations.

73.     With respect to the allegations contained in Paragraph 73 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

74.     With respect to the allegations contained in Paragraph 74 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

75.     With respect to the allegations contained in Paragraph 75 of the Complaint, the Defendants admit the truth of such allegations.

76.     With respect to the allegations contained in Paragraph 76 of the Complaint, the Defendants admit the truth of such allegations.

77.     With respect to the allegations contained in Paragraph 77 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

78.     With respect to the allegations contained in Paragraph 78 of the Complaint, the Defendants admit the truth of such allegations.

79.     With respect to the allegations contained in Paragraph 79 of the Complaint, the Defendants admit the truth of such allegations.

80.     With respect to the allegations contained in Paragraph 80 of the Complaint, the Defendants admit the truth of such allegations.

81.     With respect to the allegations contained in Paragraph 81 of the Complaint, the Defendants admit the truth of such allegations.

82.     With respect to the allegations contained in Paragraph 82 of the Complaint, the Defendants admit the truth of such allegations.

83.     With respect to the allegations contained in Paragraph 83 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

84.     With respect to the allegations contained in Paragraph 84 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

85.     With respect to the allegations contained in Paragraph 85 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

## AS AND FOR AN ANSWER TO
## PLAINTIFFS' FIRST CAUSE OF ACTION

86.     The Defendants repeat and reassert each and every one of the responses contained in Paragraphs 1 through 85 above as if fully set forth herein.

87.     With respect to the allegations contained in Paragraph 87 of the Complaint, the Defendants state that such allegations consist of statements and/or conclusions of law to which no responsive

pleading is required.  To the extent a response is deemed required, however, the Defendants deny all of the allegations contained in such Paragraph.

88.     With respect to the allegations contained in Paragraph 88 of the Complaint, the Defendants state that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, however, the Defendants deny all of the allegations contained in such Paragraph.

89.     With respect to the allegations contained in Paragraph 89 of the Complaint, the Defendants state that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, however, the Defendants deny all of the allegations contained in such Paragraph.

90.     With respect to the allegations contained in Paragraph 90 of the Complaint, the Defendants state that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, however, the Defendants deny all of the allegations contained in such Paragraph.

91.     With respect to the allegations contained in Paragraph 91 of the Complaint, the Defendants state that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, however, the Defendants deny all of the allegations contained in such Paragraph.

92.     With respect to the allegations contained in Paragraph 92 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

93.     With respect to the allegations contained in Paragraph 93 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

## AS AND FOR AN ANSWER TO

## PLAINTIFFS' SECOND CAUSE OF ACTION

94.     The Defendants repeat and reassert each and every one of the responses contained in Paragraphs 1 through 93 above as if fully set forth herein.

95.     With respect to the allegations contained in Paragraph 95 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

96.     With respect to the allegations contained in Paragraph 96 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

## AS AND FOR AN ANSWER TO
## PLAINTIFFS' THIRD CAUSE OF ACTION

97.     The Defendants repeat and reassert each and every one of the responses contained in Paragraphs 1 through 96 above as if fully set forth herein.

98.     With respect to the allegations contained in Paragraph 98 of the Complaint, the Defendants state that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, however, the Defendants deny all of the allegations contained in such Paragraph.

99.     With respect to the allegations contained in Paragraph 99 of the Complaint, the Defendants state that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, however, the Defendants deny all of the allegations contained in such Paragraph.

100.     With respect to the allegations contained in Paragraph 100 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

101.    With respect to the allegations contained in Paragraph 101 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

## AS AND FOR AN ANSWER TO
## PLAINTIFFS' FOURTH CAUSE OF ACTION

102.    The Defendants repeat and reassert each and every one of the responses contained in Paragraphs 1 through 101 above as if fully set forth herein.

103.    With respect to the allegations contained in Paragraph 103 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

104.    With respect to the allegations contained in Paragraph 104 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

## AS AND FOR AN ANSWER TO
## PLAINTIFFS' FIFTH CAUSE OF ACTION

105.    The Defendants repeat and reassert each and every one of the responses contained in Paragraphs 1 through 104 above as if fully set forth herein.

106.    With respect to the allegations contained in Paragraph 106 of the Complaint, the Defendants state that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, however, the Defendants deny all of the allegations contained in such Paragraph.

107.    With respect to the allegations contained in Paragraph 107 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

108.    With respect to the allegations contained in Paragraph 108 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

## AS AND FOR AN ANSWER TO
## PLAINTIFFS' SIXTH CAUSE OF ACTION

109.    The Defendants repeat and reassert each and every one of the responses contained in Paragraphs 1 through 108 above as if fully set forth herein.

110.    With respect to the allegations contained in Paragraph 110 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

111.    With respect to the allegations contained in Paragraph 111 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

112.    With respect to the allegations contained in Paragraph 112 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

## AS AND FOR AN ANSWER TO
## PLAINTIFFS' SEVENTH CAUSE OF ACTION

113.    The Defendants repeat and reassert each and every one of the responses contained in Paragraphs 1 through 112 above as if fully set forth herein.

114.    With respect to the allegations contained in Paragraph 114 of the Complaint, the Defendants state that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, however, the Defendants deny all of the allegations contained in such Paragraph.

115.    With respect to the allegations contained in Paragraph 115 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

116.    With respect to the allegations contained in Paragraph 116 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

117.    With respect to the allegations contained in Paragraph 117 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

## AS AND FOR AN ANSWER TO PLAINTIFFS' STATEMENTS REGARDING TOLLING OF THE STATUTE OF LIMITATIONS

118.    With respect to the allegations contained in Paragraph 118 of the Complaint, the Defendants state that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.    To the extent a response is deemed required, however, the Defendants deny all of the allegations contained in such Paragraph.

## AS AND FOR AN ANSWER TO PLAINTIFFS' STATEMENTS REGARDING THEIR DEMAND FOR TRIAL BY JURY

119.    With respect to the allegations contained in Paragraph 119 of the Complaint, the Defendants state that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.    To the extent a response is deemed required, however, the Defendants deny all of the allegations contained in such Paragraph.

## AS AND FOR AN ANSWER TO PLAINTIFFS' PRAYER FOR RELIEF

120.    With respect to the allegations contained in Paragraphs (i) through (vii) of the Complaint's prayer for relief, the Defendants deny that the Plaintiffs are entitled to any of the relief sought.

## AFFIRMATIVE AND OTHER DEFENSES

121.    The Defendants assert the following affirmative and other defenses without assuming any burden of production or proof that they would not otherwise have.    The Defendants further assert

that, to the extent that the Plaintiffs' claims as alleged are vague or unclear, so as to render it difficult or impossible to identify and assert every possible affirmative or other defense, the Defendants hereby expressly reserve their rights to assert additional defenses should further proceedings in this action reveal that such additional defenses would be applicable and appropriate.

### AS AND FOR A FIRST DEFENSE TO THE PLAINTIFFS' COMPLAINT

122.    The statements and allegations contained in the Plaintiffs' Complaint fail to state any valid cause(s) of action upon which relief can be granted as a matter of fact and/or law.

### AS AND FOR A SECOND DEFENSE TO THE PLAINTIFFS' COMPLAINT

123.    The causes of action alleged in the Complaint are barred, in whole or in part, by the applicable statutes of limitation, including, but not limited to, 29 U.S.C. § 255(a) and New York Labor Law §§ 190, *et seq.*

### AS AND FOR A THIRD DEFENSE TO THE PLAINTIFFS' COMPLAINT

124.    The causes of action alleged in the Complaint are barred, in whole or in part, because at all relevant times, the Plaintiffs were not entitled to overtime compensation, as Plaintiffs did not work the alleged overtime.

### AS AND FOR A FOURTH DEFENSE TO THE PLAINTIFFS' COMPLAINT

125.    To the extent that the Plaintiffs' duties entitled the Plaintiffs to tips, the Fair Labor Standards Act 29 U.S.C. §203(m), New York State Labor Law, and other applicable laws and

regulations permit an employer to treat a portion of the employee's tips as a credit against minimum wage and overtime obligations.

## AS AND FOR A SIXTH DEFENSE TO THE PLAINTIFFS' COMPLAINT

126.    The causes of action alleged in the Complaint are barred, in whole or in part, by the unavailability of the relief requested, including without limitation, the unavailability of damages, interest, and/or attorneys' fees, specifically, and among other things, claims for liquidated damages under the Fair Labor Standards Act are precluded by the "good faith defense" set forth in 29 U.S.C. § 260 and 29 C.F.R. § 790.22(b).

## AS AND FOR A SEVENTH DEFENSE TO THE PLAINTIFFS' COMPLAINT

127.    To the extent, if any, that the Defendants may have engaged in any alleged wrongful conduct, pursuant to the New York Labor Law, the Defendants are not subject to any liability or punishment for such conduct because such alleged conduct was undertaken in good faith and in conformity with and in reliance on written administrative regulation(s), order(s), ruling(s), approval(s) or interpretation(s) by the Commissioner of the New York State Department of Labor and/or the Director of the Wage and Hour Bureau thereof, or any administrative practice or enforcement policy of such department or bureau with respect to the class of employers to which the Defendants belong(ed).

## AS AND FOR AN EIGHTH DEFENSE TO THE PLAINTIFFS' COMPLAINT

128.    To the extent, if any, that the Defendants may have engaged in any alleged wrongful conduct, such conduct was undertaken in good faith and with reasonable grounds for believing that such actions were not in violation of Federal law, New York law or other applicable law.

## AS AND FOR A NINTH DEFENSE TO THE PLAINTIFFS' COMPLAINT

129.    The causes of action alleged in the Complaint are barred, in whole or in part, because the Plaintiffs have not sustained any injury, loss, harm, or damage by reason of any alleged acts or omissions by the Defendants.

## AS AND FOR A TENTH DEFENSE TO THE PLAINTIFFS' COMPLAINT

130.    The causes of action alleged in the Complaint are barred, in whole or in part, because if the Plaintiffs were damaged or injured in any way as a result of the matters alleged in the Complaint, such damages or injuries were due entirely and wholly to the Plaintiffs' own conduct.

## AS AND FOR AN ELEVENTH DEFENSE TO THE PLAINTIFFS' COMPLAINT

131.    To the extent that the Plaintiffs received compensation beyond that to which they were entitled under law, such additional compensation would satisfy, in whole or in part, any alleged claim for unpaid overtime compensation and unpaid minimum wage requirements or other monetary relief.

## AS AND FOR A TWELFTH DEFENSE TO THE PLAINTIFFS' COMPLAINT

132.    The causes of action alleged in the Complaint are barred, in whole or in part, by equitable doctrines and principles, including, but not limited to, the doctrines of laches, waiver, estoppel, and/or unclean hands.

## AS AND FOR A THIRTEENTH DEFENSE TO THE PLAINTIFFS' COMPLAINT

133.    The causes of action alleged in the Complaint are barred, in whole or in part, because the Plaintiffs were exempt employees not covered by the provisions of the Fair Labor Standards Act and/or the New York Labor Law.

## RESERVATION OF RIGHTS TO ASSERT ADDITIONAL DEFENSES

134.    The Defendants state that they currently have insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, defenses available. As such, the Defendants expressly reserve the right to assert additional defenses in the event that discovery indicates that any such additional defenses would be appropriate.

WHEREFORE, the Defendants respectfully request that judgment be entered by this Court as follows:

a.    Dismissing the Plaintiffs' Complaint in its entirety, including any and all causes of action asserted therein, with prejudice;

b.    Awarding the Defendants their reasonable attorneys' fees and the costs and disbursements associated with this action; and

      c.      Granting the Defendants such further relief as this Court deems just and proper.

Dated: Long Island City, New York
       May 20, 2008

                        STEPHEN D. HANS & ASSOCIATES, P.C.


                    By:_____/s/_____
                      Nils C. Shillito (NS-6755)
                      45-18 Court Square, Suite 403
                      Long Island City, New York 11101
                      Tel: 718.275.6700
                      Fax: 718.275.6704
                      Email: nshillito@hansassociates.com
                      *Attorneys for the Defendants*

To:    Amy E. Carroll, Esq.
       Elizabeth H. Wagoner, Esq.
       MAKE THE ROAD NEW YORK
       *Attorneys for the Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on May 20, 2008, I caused a true and correct copy of the foregoing Answer to be electronically filed with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to:

Amy E. Carroll, Esq.
MAKE THE ROAD NEW YORK
301 Grove Street
Brooklyn, New York 11237
Tel: 718.418.7690 x 224
Email: amy.carroll@maketheroadny.org
*Attorneys for the Plaintiffs*

Elizabeth H. Wagoner, Esq.
MAKE THE ROAD NEW YORK
71-24 Roosevelt Avenue, 2nd Floor
Jackson Heights, New York 11372
Tel: 718.565.8103 x 25
Email: elizabeth.wagoner@maketheroadny.org
*Attorneys for the Plaintiffs*


_____/s/_____
Nils C. Shillito (NS-6755)